UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KALIN G. DIMITROV,

                Plaintiff,

        v.

GYRO LLC, GYRO COMMUNICATIONS
LIMITED, SLIPSTREAM COMMUNICATIONS,
LLC, DENTSU AEGIS NETWORK Ltd.,

              Defendants.
------------------------------------------------------------ x

Civil Action No. 18-cv-03600 (GHW)(DCF)

# MEMORANDUM OF LAW OF DEFENDANT GYRO COMMUNICATIONS LIMITED IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Eric Raphan
Lindsay C. Stone
30 Rockefeller Plaza
New York, New York  10112
Tel.:  (212) 653-8700
Fax:  (212) 653-8701
eraphan@sheppardmullin.com
lstone@sheppardmullin.com
*Attorneys for Gyro Communications Limited*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.    APPLICABLE LAW ........................................................................................................ 3

II.    NEW YORK LAW DOES NOT PROVIDE FOR THE EXERCISE OF PERSONAL JURISDICTION OVER GC .................................................................................................. 4

    A.    GC Is Not Subject To General Jurisdiction Under CPLR § 301 ............................ 5

    B.    GC Is Not Subject To Specific Jurisdiction Under CPLR § 302 ............................ 8

III.    EXERCISING PERSONAL JURISDICTION OVER GC CONTRAVENES THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION ............................... 9

    A.    GC Is Not Subject To General Jurisdiction Under The Due Process Clause ......... 9

    B.    GC Is Not Subject To Specific Jurisdiction Under The Due Process Clause ....... 11

IV.    PLAINTIFF'S ARGUMENTS THAT GC IS SUBJECT TO PERSONAL JURISDICTION IN NEW YORK ARE UNAVAILING ................................................. 12

CONCLUSION ............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Am. Lecithin Co. v. Rebmann*
  No. 12-CV-929(VSB), 2017 WL 4402535 (S.D.N.Y. Sept. 30, 2017) ......................................8

*Beem v. Noble Grp. Ltd.*
  No. 14 Civ. 9046, 2015 WL 8781333 (S.D.N.Y. Dec. 14, 2015) ..............................................5

*Bensusan Rest. Corp. v. King*
  126 F.3d 25 (2d Cir. 1997) ........................................................................................................3

*BNSF Ry. Co. v. Tyrrell*
  137 S. Ct. 1549 (2017) ............................................................................................................10

*Continental Indus. Grp., Inc. v. Equate Petrochem. Co.*
  586 F. App'x 768 (2d Cir. 2014) ..............................................................................................8

*Daimler AG v. Bauman*
  571 U.S. 117 (2014) .............................................................................................................4, 10

*DeLorenzo v. Ricketts & Assoc., Ltd.*
  No. 15-CV-2506 (VSB), 2017 WL 4277177 (S.D.N.Y. Sept. 25, 2017) ..............................3, 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
  564 U.S. 915 (2011) ...............................................................................................................4, 9

*Hood v. Ascent Med. Corp.*
  No. 13cv0628 (RWS) (DF), 2016 WL 1366920 (S.D.N.Y. Mar. 3, 2016) ..............................6

*Jazini v. Nissan Motor Co.*
  Ltd., 148 F. 3d 181 (2d Cir. 1998) ..............................................................................5, 6, 7, 8

*Jonas v. Estate of Leven*
  116 F. Supp. 3d 314 (S.D.N.Y. 2015) ......................................................................................9

*In re M/V MSC Flamina*
  107 F. Supp. 3d 313 (S.D.N.Y. 2015) ......................................................................................6

*NovelAire Techs., L.L.C. v. Munters AB*
  No. 13 Civ. 472(CM), 2014 WL 6182938 (S.D.N.Y. Nov. 21, 2013) ..............................6, 7, 8

*Pablo Star Ltd. v. Welsh Gov't*
  170 F. Supp. 3d 597 (S.D.N.Y. 2016) ......................................................................................9

*Philpot v. Kos Media LLC*
  No. 16-cv-01523(AT)(BCM), 2017 WL 2270248 (S.D.N.Y. Apr. 21, 2017) ..............3, 5, 8, 9

*Phoenix Ancient Art, S.A. v. J. Paul Getty Trust*
  No. 17 Civ. 241(ER), 2018 WL 1605985 (S.D.N.Y. Mar. 29, 2018)......................................9

*Rates Tech. Inc. v. Cequel Commc'ns, LLC*
  15 F. Supp. 3d 409 (S.D.N.Y. 2014).....................................................................................6

*Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*
  277 F. Supp. 3d 521 (S.D.N.Y. 2017)..................................................................................11

*SPV OSUS Ltd. v. UBS AG*
  114 F. Supp. 3d 161 (S.D.N.Y. 2015)..................................................................................10

*In re Terrorist Attacks on September 11, 2001*
  714 F.3d 659 (2d Cir. 2013)..................................................................................................3

*Troma Entm't, Inc. v. Centennial Pictures, Inc.*
  729 F.3d 215 (2d Cir. 2013)..................................................................................................4

*USHA Holdings, LLC v. Franchise India Holdings Ltd.*
  11 F. Supp. 3d 244 (E.D.N.Y. 2014) ....................................................................................9

*Viropro, Inc. v. Pricewaterhousecoopers Advisory Servs. Sdn Bhd*
  No. 15cv6235(DLC), 2016 WL 225686 (S.D.N.Y. Jan. 19, 2016) ..................................5, 11

*Walden v. Fiore*
  571 U.S. 277 (2014)............................................................................................................11

Statutes

42 U.S.C § 1981....................................................................................................................2

CPLR § 301..............................................................................................................4, 5, 6, 7

CPLR § 302.................................................................................................................5, 8, 9

Fed. R. Civ. P. 12(b)(2)....................................................................................................1, 13

Defendant Gyro Communications Limited ("GC") respectfully submits this Memorandum of Law, along with the Declaration of Robert Dannhauser ("Dannhauser Decl."), in support of its Motion (the "Motion") for an order dismissing Plaintiff Kalin Dimitrov's ("Plaintiff") complaint (the "Complaint" or "Compl.") against GC with prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) due to lack of personal jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff's Complaint asserts a variety of claims against several defendants arising out of his former employment with Gyro LLC ("Gyro").[1] The Complaint should be dismissed with prejudice with respect to GC pursuant to FRCP 12(b)(2) because Plaintiff cannot show that this Court has personal jurisdiction over GC. GC, a wholly-owned subsidiary of Gyro, is a foreign private limited company that is headquartered in London and has no contacts whatsoever with the state of New York. Moreover, GC had no involvement with Plaintiff's employment with Gyro or his termination therefrom, and had no knowledge of Plaintiff's existence until he served the instant Complaint. Stated simply, Plaintiff has not, and cannot, meet his burden of demonstrating that GC's conduct and connection with New York are such that GC should reasonably anticipate being brought into court here. As a result, GC is not subject to the personal jurisdiction of this Court, and Plaintiff's Complaint against it should be dismissed.

## STATEMENT OF RELEVANT FACTS

Gyro is a full-service global creative business advertising agency, with the mission of creating ideas that are "humanly relevant." (Dannhauser Decl. ¶ 5). Between January 2014 and March 2016, Gyro employed Plaintiff as a Senior Art Director in its offices in New York, New York. (Dannhauser Decl. ¶ 9). In March 2016, Gyro terminated Plaintiff's employment. (*Id.*).

---

[1] In his Complaint, Plaintiff also attempts to assert claims against Dentsu Aegis Network, Ltd. and Slipstream Communications. However, to date, Plaintiff has failed to effectively serve either party.

GC is a wholly-owned subsidiary of Gyro, and is a registered private limited company in England and Wales. (Dannhauser Decl. ¶ 6). GC's corporate headquarters are located at 10 Triton Street, Regent's Place, London, England NW1 3BF. (*Id.*). Like Gyro, GC provides business advertising services. (Dannhauser Decl. ¶ 7). However, unlike Gyro, GC operates almost exclusively in Europe. (*Id.*). Gyro and GC do not share common employees, and Gyro does not oversee GC's day-to-day operations. (Dannhauser Decl. ¶ 8). By the same token, GC has no involvement in Gyro's day-to-day operations, human resources decisions, or personnel management. (*Id.*). GC has never had an employment relationship or other connection with Plaintiff whatsoever. (Dannhauser Decl. ¶ 10). Indeed, GC had no knowledge of Plaintiff's existence or employment with Gyro until Plaintiff commenced this action. (*Id.*)

On April 23, 2018, Plaintiff filed the Complaint in this action against Gyro, GC, Slipstream Communications, LLC and Dentsu Aegis Network, Ltd. alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 1981, the New York State Human Rights Law and the New York City Human Rights Law. In the Complaint, Plaintiff erroneously claims that Gyro operates as a subsidiary of GC, and that GC maintains offices in New York. (Compl. ¶ 7). Other than this inaccurate description, Plaintiff's Complaint is otherwise devoid of any references to GC.

GC has no physical presence in or connection to New York. (Dannhauser Decl. ¶¶ 6-7, 11-16). Specifically, GC: (i) is not currently incorporated or registered to do business in New York; (ii) has no employees in New York; (iii) neither transacts nor solicits business in New York; (iv) does not derive substantial revenue from services rendered in New York; (v) maintains no offices in New York; and (vi) does not own, use or possess any real property in New York. (Dannhauser

Decl. ¶¶ 11-16).[2]

# ARGUMENT

## I. APPLICABLE LAW

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks and citations omitted). This *prima facie* showing "'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *Id*. (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). To satisfy this burden, a plaintiff must demonstrate that: (i) the court has a statutory basis for exercising personal jurisdiction; and (ii) the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution (the "Due Process Clause"). *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *Philpot v. Kos Media LLC*, No. 16-cv-01523(AT)(BCM), 2017 WL 2270248, at *6 (S.D.N.Y. Apr. 21, 2017).

When determining whether the plaintiff has sufficiently established a basis for personal jurisdiction, New York courts "will not draw argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks*, 714 F.3d at 673; *see also DeLorenzo v. Ricketts & Assoc., Ltd.*, No. 15-CV-2506 (VSB), 2017 WL 4277177, at *5 (S.D.N.Y. Sept. 25, 2017) ("[C]onclusory, non-fact-specific jurisdictional

---

[2] Prior to Plaintiff's employment at Gyro, GC had a wholly-owned subsidiary, Gyro HSR, Inc. ("HSR"), a corporation incorporated and headquartered in California. (Dannhauser Decl. ¶ 17). HSR had an office in New York that it did not use after August 2011, but instead subleased to an unrelated entity. (*Id.*). In 2012, also prior to Plaintiff's employment, Gyro assumed all of HSR's assets. (Dannhauser Decl. ¶ 18). During the period that Plaintiff was employed by Gyro, HSR conducted no business, either in New York or elsewhere, and had no employees. (Dannhauser Decl. ¶ 19). Other than the sublease rent it collected from its former New York office, HSR also had no revenue during this period. (*Id.*). On December 31, 2016, Gyro acquired ownership of HSR, and therefore HSR ceased to be a GC subsidiary. (Dannhauser Decl. ¶ 20).

allegations . . . will not establish a *prima facie* showing of jurisdiction.") (internal quotation marks and citations omitted).

Under either a state statute or the Due Process Clause, personal jurisdiction may take two forms: (i) specific jurisdiction, where "the suit arises out of or relate[s] to the defendant's contacts with the forum," and (ii) general jurisdiction, where "a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014) (internal quotation marks and citations omitted). While specific jurisdiction may be established through a defendant's conduct in a particular state, the exercise of general jurisdiction over a foreign corporation is proper only where the corporation's "affiliations with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). As discussed more fully below, GC is not subject to either specific or general jurisdiction in New York and, therefore, Plaintiff's claims against it must be dismissed.

## II.   NEW YORK LAW DOES NOT PROVIDE FOR THE EXERCISE OF PERSONAL JURISDICTION OVER GC

To demonstrate that a reviewing court's exercise of personal jurisdiction over a non-resident defendant is proper, a plaintiff must first show that a statutory basis exists for the exercise of the same. "The existence of [this] statutory basis 'is determined by the law of the state in which the court is located." *Troma Entm't, Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 218 (2d Cir. 2013). In New York, two statutes permit a court to exercise personal jurisdiction over a corporation. The first, New York Civil Practice Law and Rules ("CPLR") § 301, permits a New York court to exercise general jurisdiction over a corporation that is "engaged in a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in the

state." *Jazini v. Nissan Motor Co.*, Ltd., 148 F. 3d 181, 184 (2d Cir. 1998). Alternatively, CPLR § 302 permits the exercise of specific jurisdiction only where the corporation:

> 1. Transacts any business within the state or contracts anywhere to supply goods or services in the state; 2. Commits a tortious act within the state . . . 3. Commits a tortious act without the state causing injury within the state . . .if [it] (i) regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4. Owns, uses or possesses any real property situated within the state.

N.Y.C.P.L.R. § 302. Absent one of the above bases, a New York court cannot exercise personal jurisdiction over a foreign corporation. See, e.g., *DeLorenzo*, 2017 WL 4277177 at *7-10; *Philpot*, 2017 WL 2270248 at *6-12; *Viropro, Inc. v. Pricewaterhousecoopers Advisory Servs. Sdn Bhd*, No. 15cv6235(DLC), 2016 WL 225686, at *2-5 (S.D.N.Y. Jan. 19, 2016).

### A. GC Is Not Subject To General Jurisdiction Under CPLR § 301

Plaintiff has not and cannot set forth any facts demonstrating that GC is subject to general jurisdiction in New York in accordance with CPLR § 301. To establish general jurisdiction over a foreign corporation under this statute, a plaintiff is required to show that either: (i) the foreign corporation is "present in New York with a fair measure of permanence and continuity"; or (ii) the foreign corporation "regularly solicit[s] business in New York and engage[s] in some commercial activity in the state." *Beem v. Noble Grp. Ltd.*, No. 14 Civ. 9046, 2015 WL 8781333, at *3 (S.D.N.Y. Dec. 14, 2015) (Bermuda corporation not subject to general jurisdiction in New York where it lacked significant connection with the state).

Here, Plaintiff cannot establish either of the above. GC is a private limited company in England and Wales that neither transacts nor solicits business in New York and maintains no presence in the state whatsoever. (Dannhauser Decl. ¶¶ 6-7, 11-16). Accordingly, GC can hardly be said to have even remotely engaged in a course of business or conduct in New York that might

render it "present" there, and this Court cannot exercise general jurisdiction over it under CPLR § 301. *See In re M/V MSC Flamina*, 107 F. Supp. 3d 313, 319 (S.D.N.Y. 2015) (New York court could not exercise general jurisdiction over German corporation where the corporation lacked sufficient systemic connection to the state); *Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409, 415 (S.D.N.Y. 2014) (no general jurisdiction over foreign corporation where corporation had no office or real estate in New York, did not solicit business in New York and had no New York customers).

To the extent that Plaintiff asserts in his opposition to the Motion that GC's ownership of HSR (an entity that conducted no business during Plaintiff's employment and was not referenced in the Complaint) somehow subjects GC to general jurisdiction in New York, this argument must fail. "As a general rule, a foreign parent corporation is not subject to personal jurisdiction in New York merely because its subsidiary is present in that forum." *Hood v. Ascent Med. Corp.*, No. 13cv0628 (RWS) (DF), 2016 WL 1366920, at *7 (S.D.N.Y. Mar. 3, 2016); *see also Jazini*, 148 F.3d at 184 ("Where . . . the claim is that the foreign corporation is present in New York state because of the activities there of its subsidiary, the presence of the subsidiary alone does not establish the parent's presence in the state"); *NovelAire Techs., L.L.C. v. Munters AB*, No. 13 Civ. 472(CM), 2014 WL 6182938, at *5-6 (S.D.N.Y. Nov. 21, 2013) ("[a] parent company's ownership of a subsidiary present in New York is not enough to establish an agency relationship for jurisdictional purposes.").

The presence of a subsidiary in New York may only confer personal jurisdiction over a foreign parent in the very limited instance where the subsidiary is "an 'agent' for the parent, or where the parent's control is so complete that the subsidiary is a 'mere department' of the parent"

such that "the subsidiary does all the business which [the parent corporation] could do were it here by its own officials." *NovelAire Techs.,* 2014 WL 6182938, at *5-6; *Jazini*, 148 F.3d at 184. "In order for a sufficient agency [relationship] to be found for jurisdictional purposes, the agent must be a *substantial participant* in the defendant's actual business and have the *discretion* and *authority* to bind the defendant." *NovelAire Techs.*, 2014 WL 6182938 at *5 (emphasis original) (internal quotation marks and citations omitted). Where a subsidiary of a foreign parent "carr[ies] out [its] own businesses, and not the investment business of [the parent company], the subsidiar[y] cannot be deemed the agent[] of [the parent company], and CPLR § 301 jurisdiction cannot be premised on an agency theory." *Id.* (internal citations and quotation marks omitted). A key indicator of an agency relationship is "that the parent company 'would be obliged to *enter the market directly* if the subsidiary was absent because the market is too important to the parent's welfare." *NovelAire Techs.*, 2014 WL 6182938 at *5 (emphasis original) (quoting *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2009 WL 691056, at *3 (S.D.N.Y. Mar. 17, 2009)). Conclusory allegations will not suffice to establish such an intermingled relationship. *Jazini*, 148 F.3d at 184.

Here, Plaintiff does not even mention HSR in his Complaint, and certainly draws no connection between GC and HSR sufficient to confer personal jurisdiction over GC in this action. Moreover, during Plaintiff's employment with Gyro, HSR conducted no business, had no employees, and collected no revenue other than *de minimis* sublease rent collected on its former office space. (Dannhauser Decl. ¶ 19). Indeed, because all of its assets had been assumed by Gyro in 2012, HSR had no business to transact, either in New York or anywhere else. (Dannhauser Decl. ¶ 18). Based on this inactivity, HSR can hardly be said to be an "agent" or "mere department" of GC, and had no connection to New York other than minimal income from a sublease of its former office space to an unrelated entity. (Dannhauser Decl. ¶ 19). Finally, GC would not be obliged to

enter the New York market directly if HSR were absent.  Indeed, as stated above, neither GC nor HSR operated in the New York market at any time during Plaintiff's employment with Gyro. (Dannhauser Decl. ¶ 6-7, 11-16, 19).  Stated simply, since HSR transacted no business in New York and had no meaningful connection to the state, it cannot be used to subject GC to personal jurisdiction in New York. *Jazini*, 148 F.3d at 184; *Am. Lecithin Co. v. Rebmann*, No. 12-CV-929(VSB), 2017 WL 4402535, at *6-9 (S.D.N.Y. Sept. 30, 2017); *NovelAire Techs.*, 2014 WL 6182938 at *5-6.

### B. GC Is Not Subject To Specific Jurisdiction Under CPLR § 302

Likewise, Plaintiff cannot show that GC is subject to specific jurisdiction in New York under CPLR § 302, as GC satisfies none of the bases for specific jurisdiction articulated in the statute.  Specifically, GC: (i) is not incorporated or registered to do business in New York; (ii) has no employees in New York; (iii) neither transacts nor solicits business in New York; (iv) does not contract anywhere or with any other entity to supply services in New York; and (v) does not derive substantial revenue for services rendered in New York. (Dannhauser Decl. ¶¶ 11-16).

Further, Plaintiff cannot point to any conduct by GC inside or outside New York having any effect on him or the allegations set forth in his Complaint.[3]  This fact alone is fatal to any exercise of specific jurisdiction over GC, which would require "some articulable nexus between the business transacted [by the foreign corporation] and the cause of action sued upon." *Philpot*, 2017 WL 2270248 at *9.  Accordingly, any exercise of specific jurisdiction over GC by a New York court under CPLR § 302 is plainly improper. *See Continental Indus. Grp., Inc. v. Equate Petrochem. Co.*, 586 F. App'x 768, 770-72 (2d Cir. 2014) (foreign corporation not subject to

---

[3] The lack of connection between GC and Plaintiff is aptly demonstrated by the fact that Plaintiff has no knowledge of the relationship between GC and Gyro or of GC's corporate office location, and has failed to set forth a single allegation implicating GC in his Complaint.

personal jurisdiction in New York where it failed to satisfy any of the bases for specific jurisdiction enumerated in CPLR § 302); *Philpot*, 2017 WL 2270248 at *8-12 (specific jurisdiction over foreign corporation lacking where no nexus existed between the claims asserted by the plaintiff and the corporation's alleged connection to New York).[4]

### III. EXERCISING PERSONAL JURISDICTION OVER GC CONTRAVENES THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

Where, as here, the exercise of personal jurisdiction is inappropriate under CPLR § 302, the same is also unwarranted under the Due Process Clause. *Phoenix Ancient Art, S.A. v. J. Paul Getty Trust*, No. 17 Civ. 241(ER), 2018 WL 1605985, at *15 (S.D.N.Y. Mar. 29, 2018); *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 336 (S.D.N.Y. 2015). Nevertheless, even if Plaintiff could demonstrate that GC satisfies one of the bases for personal jurisdiction set forth in CPLR §§ 301-302, he could not show that the Court's exercise of personal jurisdiction over GC would comport with the Due Process Clause under a theory of either specific or general jurisdiction.

#### A. GC Is Not Subject To General Jurisdiction Under The Due Process Clause

It is well-settled that general jurisdiction over a foreign corporation is only constitutionally proper where the corporation's "affiliations with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear*, 564 U.S. at 919. The United States Supreme Court has determined that a court may only exercise general jurisdiction over a foreign corporation where either the corporation's place of incorporation or principal place of business are

---

[4] As previously stated, to date, Plaintiff has effected service of the Complaint and filed a corresponding Certificate of Service only with respect to Gyro and GC. (Dkt. No. 17). To the extent that Plaintiff may attempt to argue that acceptance of service on GC's behalf permits the Court to exercise personal jurisdiction over GC, this claim lacks legal support. New York law is clear that proper service of process is only one element of a *prima facie* case for personal jurisdiction. Beyond proper service, a plaintiff opposing a motion to dismiss for lack of personal jurisdiction must additionally show "a statutory basis for personal jurisdiction [and] accordance with constitutional due process principles." *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 604 (S.D.N.Y. 2016); *see also USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 263 (E.D.N.Y. 2014) ("Even if an individual who can accept service on behalf of a corporation has been properly served . . . the court must still determine whether foreign corporate defendants . . . have been 'doing business' in New York so that they could be considered present in the state and subject to [its personal jurisdiction].").

located within the forum state. *Daimler*, 571 U.S. at 137.  Here, GC is a private limited company in England and Wales with its principal place of business in London, with no contacts with New York whatsoever. (Dannhauser Decl. ¶¶ 6-7, 11-16). Accordingly, GC can hardly be said to be "essentially at home" in New York, and this Court's exercise of personal jurisdiction over it would clearly contravene the Due Process Clause. *See*, *e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (state could not exercise general jurisdiction over corporate defendant where corporate defendant was not incorporated in the state and did not maintain its principal place of business there); *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015) (companies incorporated in and with principal places of business in Luxembourg not subject to personal jurisdiction in New York).

To the extent that Plaintiff attempts to use GC's former connection with HSR to argue that this Court has general jurisdiction over GC pursuant to the Due Process Clause, this argument must also fail.  The United States Supreme Court has considered and soundly rejected an agency theory of general jurisdiction where a foreign parent corporation owns a subsidiary in the forum state.  In *Daimler AG v. Bauman*, the Supreme Court considered a plaintiff's claim that a foreign corporation should be subject to general jurisdiction in California based on the in-state presence of the corporation's subsidiary. 571 U.S. at 136.  The Supreme Court explicitly rejected this argument, holding that subjecting a parent corporation to personal jurisdiction through a subsidiary would "stack the deck, for it will always yield a pro-jurisdiction answer . . . the [agency theory] thus appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in [prior cases.]" *Id.*  Setting aside the fact that HSR was essentially inactive during the relevant period and had no meaningful connection to New York during

Plaintiff's employment, even if HSR had been present in New York its location would still provide no basis to impute general jurisdiction, and any exercise of the same would directly contravene the Due Process Clause.

### B. GC Is Not Subject To Specific Jurisdiction Under The Due Process Clause

The same lack of affiliation with New York, including any involvement with Plaintiff's employment or the claims alleged in his Complaint, is also fatal to any exercise of specific jurisdiction under the Due Process Clause. In order to establish that a court has specific personal jurisdiction of an entity under the Due Process Clause, a plaintiff must show that "the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Viropro*, 2016 WL 225686 at *5 (internal quotation marks and citations omitted). The key inquiry in this regard is the relationship "among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "Random, fortuitous, or attenuated contacts" with the forum state will not suffice to support an exercise of specific jurisdiction. *Walden*, 517 U.S. at 286.

Here, Plaintiff has alleged no contact whatsoever between GC and New York, other than a patently false representation that GC maintains a New York office. (Compl. ¶ 7). Nor has Plaintiff alleged that GC "purposefully availed" itself of the privilege of doing business in New York, or could foresee being haled into court anywhere other than Europe. As previously stated, GC neither transacts nor solicits business in New York and maintains no office or other corporate presence in the state. (Dannhauser Decl. ¶¶11-16). Moreover, Plaintiff can point to no connection between GC and the particular allegations undermining his claims in the Complaint, critically undermining any claim that GC is subject to specific jurisdiction in New York. *See Walden*, 517 U.S. at 291; *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 588 (S.D.N.Y. 2017) ("'Specific jurisdiction cases are limited to those involving issues deriving from, or

connected with, the very controversy that establishes jurisdiction.'") (quoting *In re Roman Catholic Diocese Inc.*, 745 F.3d 30, 38 (2d Cir. 2014)). As such, any exercise of specific jurisdiction over GC in this action would fail to comport with the Due Process Clause.

### IV.   PLAINTIFF'S ARGUMENTS THAT GC IS SUBJECT TO PERSONAL JURISDICTION IN NEW YORK ARE UNAVAILING

In accordance with this Court's Individual Rules of Practice in Civil Cases, GC submitted a letter in advance of this Motion requesting a pre-motion conference on August 29, 2018. (Dkt. No. 18). On August 31, 2018, Plaintiff submitted a letter opposing a pre-motion conference (the "Opposition Letter"), which also contained certain arguments intended to rebut the Motion. (Dkt. No. 19). Specifically, Plaintiff argued in the Opposition Letter that GC is subject to personal jurisdiction in New York because: (i) GC's company profile on Bloomberg states that GC has offices in New York; (ii) GC's website is the same as Gyro's; and (iii) Christoph Becker, Gyro's Global Chief Executive Officer/Chief Creative Officer ("Global CEO/CCO"), serves in the same roles with respect to GC. For the reasons set forth below, none of these grounds are sufficient to warrant the imposition of personal jurisdiction over GC in this matter.

Plaintiff's first argument, that GC is subject to personal jurisdiction in New York because of the contents of a Bloomberg profile, is meritless. GC has no control over or input into what Bloomberg, a third-party company unaffiliated with GC, posts with regard to its company profile. (Dannhauser Decl. ¶ 25). GC did not approve the contents of its Bloomberg profile, which is inaccurate to the extent that it attributes a New York office to GC, and in any event appears to conflate GC with Gyro. (Dannhauser Decl. ¶¶ 24, 26).

Plaintiff's reliance upon the fact that GC and Gyro share a web address is equally unavailing. GC and Gyro, along with its network of corporate affiliates, share a web address for ease of access for its customers. (Dannhauser Decl. ¶ 29). However, the mere fact that information

about Gyro and GC may be accessed using the same URL, without more, hardly suffices to demonstrate the "agency" or "mere department" agency relationship between the two companies that could subject GC to personal jurisdiction in New York.

Finally, Plaintiff's allegations regarding Mr. Becker are also insufficient to subject GC to personal jurisdiction in New York. Gyro and GC are, along with several other entities, members of a larger international corporate network of Gyro entities (the "Gyro Network"). (Dannhauser Decl. ¶ 27). Each of the entities within the Gyro Network operate independently of one another, in different areas of the world and with different employees. (Dannhauser Decl. ¶ 28). Three employees within the Gyro Network serve as "global" executives who provide high-level functional support and occasional assistance with policies and procedures impacting multiple offices on a global scale. (Dannhauser Decl. ¶ 30). Mr. Becker serves as Global CEO/CCO to the Gyro Network but, like the other global executives, has no oversight or involvement in GC's day-to-day operations. (Dannhauser Decl. ¶ 31). Indeed, GC has its own CEO (Kate Howe) and CCO (David Harris) in Europe to serve such day-to-day needs. (Dannhauser Decl. ¶ 32). Accordingly, Mr. Becker's global position fails to demonstrate that GC is a "substantial participant" in Gyro's business with the "discretion and authority" to bind it, which Plaintiff must show to subject GC personal jurisdiction in New York.

## **CONCLUSION**

For the foregoing reasons, GC respectfully requests that the Court grant its motion and issue an order dismissing Plaintiff's Complaint against GC with prejudice pursuant to FRCP 12(b)(2) due to lack of personal jurisdiction, along with any such other and further relief that this Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>September 14, 2018 | Respectfully submitted,<br><br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br><br>By:  */s/ Eric Raphan*<br>        Eric Raphan<br>        Lindsay C. Stone<br><br>30 Rockefeller Plaza<br>New York, New York  10112<br>Tel.:  (212) 653-8700<br>Fax:  (212) 653-8701<br>eraphan@sheppardmullin.com<br>lstone@sheppardmullin.com<br>*Attorneys for Gyro Communications Limited* |